# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

ACHILLES CORELLEONE,

          Plaintiff,

   v.

FERNANDO GONZALES, et al.,

          Defendants.

_____/

CASE NO. 1:10-CV-01098-DLB PC

ORDER DENYING PLAINTIFF'S MOTIONS
FOR PRELIMINARY INJUNCTIVE RELIEF

(DOCS. 7, 10, 11)

Plaintiff Achilles Corelleone ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR").  Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court are Plaintiff's two motions requesting an exam by an outside doctor, filed on July 28, 2010 and September 27, 2010.  Docs. 7, 11.  Plaintiff also filed a motion for preliminary injunction on September 10, 2010.  Doc. 10.  The Court treats all three motions as motions for preliminary injunctive relief.

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  *Winter v. Natural Res. Def. Council, Inc.*, 129 S. Ct. 365, 374 (2008) (citations omitted).  The purpose of preliminary injunctive relief is to preserve the status quo or to prevent irreparable injury pending the resolution of the underlying claim.  *Sierra On-line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984).  "A preliminary injunction is an extraordinary remedy never awarded as of right."  *Winter*, 129 S. Ct. at 376.  An injunction may only be awarded upon a clear showing

1

1   that the movant is entitled to relief.  *Id.*

2       Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court

3   must have before it an actual case or controversy.  *City of Los Angeles v. Lyons*, 461 U.S. 95, 102

4   (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*,

5   454 U.S. 464, 471 (1982).  If the court does not have an actual case or controversy before it, it

6   has no power to hear the matter in question.  *Lyons*, 461 U.S. at 102.  Thus, "[a] federal court

7   may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter

8   jurisdiction over the claim; it may not attempt to determine the rights of persons not before the

9   court."  *Zepeda v. United States Immigration Serv.*, 753 F.2d 719, 727 (9th Cir. 1985).

10      Plaintiff filed two separate motions for examination by an outside doctor.  Docs. 7, 11.

11  Plaintiff has not sufficiently demonstrated that he is likely to succeed on the merits of his claim.

12  By separate order, the Court found that Plaintiff's amended complaint failed to state any claims

13  against any Defendants.  Thus, the Court does not find that Plaintiff has established sufficient

14  cause for a preliminary injunction, and Plaintiff's motions are denied.

15      Plaintiff also requested injunctive relief in the form of access to the law library.  Doc. 10.

16  Because the Court found that Plaintiff failed to state any claims against any Defendants,

17  Plaintiff's motion for preliminary injunction is likewise denied as it is unlikely he will succeed

18  on the merits.[1]

19      Accordingly, Plaintiff's motions for injunctive relief, filed July 28, 2010, September 10,

20  2010, and September 27, 2010, are DENIED.

21      IT IS SO ORDERED.

22  Dated:   **December 2, 2010**          **/s/ Dennis L. Beck**
                                           UNITED STATES MAGISTRATE JUDGE

23

24

25      [1]  There is an issue with Plaintiff's motion for preliminary injunctive relief for access to the law library, as it
26  appears unrelated to Plaintiff's claim in the underlying action.  A party seeking preliminary injunctive relief "must
    establish a relationship between the injury claim in the party's motion and the conduct asserted in the complaint."
27  *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994).  Additionally, a preliminary injunction involving conditions
    of confinement at a prison must be "narrowly drawn, extend[] no further than necessary to correct the violation of the
28  Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."  18 U.S.C. §
    3626(a)(1)(A).

2