# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACHILLES CORELLEONE,            | CASE NO. 1:10-CV-01098-DLB PC |
| Plaintiff,                      | ORDER DISMISSING ACTION FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED |
| v.                              | |
| FERNANDO GONZALES, et al.,      | (DOC. 20) |
| Defendants.                     | DISMISSAL COUNTS AS STRIKE PURSUANT TO 28 U.S.C. § 1915(G) |

**Screening Order**

**I.     Background**

Plaintiff Achilles Corelleone ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action by filing his complaint on June 17, 2010. Doc. 1. Plaintiff filed his first amended complaint on October 25, 2010. Doc. 13. On December 3, 2010, the Court dismissed Plaintiff's first amended complaint for failure to state a claim, with leave to file a second amended complaint. Doc. 16. On March 3, 2011, Plaintiff filed his second amended complaint. Doc. 20.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C.

1  § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been
2  paid, the court shall dismiss the case at any time if the court determines that . . . the action or
3  appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. §
4  1915(e)(2)(B)(ii).

5    A complaint must contain "a short and plain statement of the claim showing that the
6  pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not
7  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere
8  conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing
9  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual
10 matter, accepted as true, to 'state a claim that is plausible on its face.'"  *Id.* (quoting *Twombly*,
11 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  *Id.*

12 **II.    Summary Of Second Amended Complaint**

13   Plaintiff was previously incarcerated at California Correctional Institution ("CCI") in
14 Tehachapi, California, where the events giving rise to this action occurred.  Plaintiff names as
15 Defendants: Fernando Gonzales, warden; Matthew Cate, secretary of CDCR; D. Folston, chief of
16 the inmate appeals branch; K. El Said, medical doctor; J. Clark Kelso, federal receiver for the
17 health care of CDCR; and John Doe.

18   In his statement of the claim, Plaintiff lists four previous injuries for which he received
19 either worker's compensation or insurance settlement.  Plaintiff alleges that on May 5, 2010, he
20 slipped and fell at CCI, hurting his right wrist and middle finger.  Plaintiff requests monetary
21 damages, and declaratory and injunctive relief.

22 **III.   Analysis**

23   Plaintiff's claim appears to implicate the Eighth Amendment.  The Eighth Amendment
24 prohibits cruel and unusual punishment.  "The Constitution does not mandate comfortable
25 prisons." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quotation and citation omitted).  A
26 prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment
27 violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure
28 of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing

2

1  so.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Hallett v. Morgan*, 296
2  F.3d 732, 744 (9th Cir. 2002) (citation omitted)).  The deliberate indifference standard involves
3  an objective and a subjective prong.  First, the alleged deprivation must be, in objective terms,
4  "sufficiently serious . . . ."  *Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298
5  (1991)).  Second, the prison official must "know[] of and disregard[] an excessive risk to inmate
6  health or safety . . . ."  *Id.* at 837.

7       "Deliberate indifference is a high legal standard."  *Toguchi*, 391 F.3d at 1060.  "Under
8  this standard, the prison official must not only 'be aware of the facts from which the inference
9  could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the
10 inference.'"  *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837).  "'If a prison official should have
11 been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no
12 matter how severe the risk.'"  *Id.* (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175,
13 1188 (9th Cir. 2002)).

14      Here, Plaintiff fails to state a claim against any Defendants.  Plaintiff fails to allege
15 sufficient facts which indicate that any Defendants knew of and disregarded an excessive risk to
16 Plaintiff's health.  Plaintiff makes no specific allegations regarding Defendants Gonzales, Cate,
17 or Folston.  To state a claim under § 1983, a plaintiff must allege facts which indicate that (1) the
18 defendant acted under color of state law and (2) the defendant deprived him of rights secured by
19 the Constitution or federal law.  *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir.
20 2006).

21      Plaintiff alleges that Defendant El Said refused to treat Plaintiff.  Plaintiff alleges that
22 Defendant Kelso refused to do a proper investigation. These are insufficient allegations to
23 support a claim of deliberate indifference.  The mere possibility of misconduct falls short of
24 meeting the plausibility standard.  *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009)
25 (citing *Iqbal*, 129 S. Ct. at 1949-50).

26 **IV.    Conclusion And Order**

27      Plaintiff fails to state a claim against any Defendants.  Plaintiff was previously provided
28 an opportunity to amend his complaint to cure the deficiencies identified, but was unable.

1  Accordingly, further leave to amend will not be granted.  *See Lopez v. Smith*, 203 F.3d 1122,
2  1127 (9th Cir. 2000) (en banc).
3      Based on the foregoing, it is HEREBY ORDERED that
4    1.    This action is DISMISSED for failure to state a claim upon which relief may be
5        granted;
6    2.    This dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g); and
7    3.    The Clerk of the Court is directed to close this action.
8    IT IS SO ORDERED.
9      Dated:   May 6, 2011          /s/ **Dennis L. Beck**
                                          UNITED STATES MAGISTRATE JUDGE